Nathaniel K. Charny
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York 12572
Tel: (845) 876-7500
Fax: (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAMSTERS LOCAL 804, PHILIP PESIRI, CESAR ROSARIO, LUIS NETO and ANTHONY RAMIREZ, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED PARCEL SERVICE OF AMERICA, INC.,<br><br>Defendant. | Civil Action No.<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT |

Plaintiffs Teamsters Local 804, Philip Pesiri, Cesar Rosario, Luis Neto and Anthony Ramirez, on behalf of themselves and those similarly situated (collectively Plaintiffs) by and through their attorneys Charny & Wheeler P.C. bring this collective and class action complaint to recover damages for unpaid overtime wages and unlawful deductions from their wages by their employer United Parcel Service of America, Inc. (herein Defendant or Defendant UPS).

## JURISDICTION AND VENUE

1. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, et seq., as well as 28 U.S.C. §§ 1331 and 1337. This Court's supplemental jurisdiction is invoked

to assert the Plaintiffs claims for New York State Law violations including Article 6 of New York's Labor Law and its corresponding regulations (12 NYCRR 142-2.2) and conversion.

2. At all relevant times Defendants engaged in business in among other places Kings County, State of New York. Accordingly, this action properly lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Teamsters Local 804 is a labor union representing, among others, hourly employees employed by Defendant UPS within Long Island, New York City and Westchester County, including the Plaintiffs and putative collective and class members in this action.

4. Plaintiff Teamsters Local 804 has associational standing in that its members, the Plaintiffs and putative collective and class action members to this action, have standing to bring this suit individually. Plaintiff Local 804 brings this suit as a representative of its members.

5. Plaintiff Philip Pesiri is an adult individual who is employed full time by Defendant UPS as a Regular Package Car Driver (herein RPCD) and has been so employed for all times relevant to this Complaint.

6. Plaintiff Cesar Rosario is an adult individual who is employed full time by Defendant UPS as an RPCD and has been so employed for all times relevant to this Complaint.

7. Plaintiff Luis Neto is an adult individual who is employed full time by Defendant UPS as an RPCD and has been so employed for all times relevant to this Complaint.

8. Plaintiff Anthony Ramirez is an adult individual who is employed full time by Defendant UPS as an RPCD and has been so employed for all times relevant to this Complaint.

9. Defendant United Parcel Service of America, Inc. is a corporate entity organized under the laws of the State of Georgia.

10. For all times relevant to this Complaint Defendant UPS has been an employer within the meaning of the Fair Labor Standards Act and New York's wage and hour laws.

FACTS

11. Defendant UPS operates an international parcel delivery service with a total of approximately 500,000 employees.

12. UPS operates out of "facilities" which receive packages, sort them, and send the packages out for delivery with drivers. There are more than 500 facilities in more than 125 countries.

13. Plaintiffs Philip Pesiri, Cesar Rosario, Luis Neto and Anthony Ramirez (herein the Individual Plaintiffs) were employed by Defendant UPS at least in or about 2024 and continuing to date, the relevant time period.

14. The Individual Plaintiffs and the putative collective and class members are all members of Plaintiff Teamsters Local 804.

15. For the period March 23, 2025 through March 29, 2025 (herein the March 23-29 Pay Period), each of the Individual Plaintiffs worked full time for Defendant UPS as an RPCD.

16. The pay date for the March 23-29 Pay Period is April 3, 2025.

17. In each of the Individual Plaintiff's pay checks issued on April 3, 2025 the Individual Plaintiffs had money deducted from their paychecks without their authorization.

18. Plaintiff Pesiri had $360.14 deducted from his April 3, 2025 pay check without his authorization.

19. Plaintiff Rosario had $720.32 deducted from his April 3, 2025 pay check without his authorization.

20. Plaintiff Neto had $720.32 deducted from his April 3, 2025 pay check without his authorization.

21. Plaintiff Ramirez had $631.04 deducted from his April 3, 2025 pay check without his authorization.

22. At least 200, if not more, members of Teamsters Local 804 had money deducted from their April 3, 2025 pay check without their authorization.

23. During the March 23-29 Pay Period, Plaintiff Pesiri worked in excess of forty (40) hours in that week, working a total of 9.78 hours of overtime for that week.

24. During the March 23-29 Pay Period, Plaintiff Rosario worked in excess of forty (40) hours in that week, working a total of 9.54 hours of overtime for that week.

25. During the March 23-29 Pay Period, Plaintiff Neto worked in excess of forty (40) hours in that week, working a total of 19.6 hours of overtime for that week.

26. During the March 23-29 Pay Period, Plaintiff Ramirez worked in excess of forty (40) hours in that week, working a total of 3.92 hours of overtime for that week.

27. Upon information and belief, nearly every member of the putative collective and class -- those who had unlawful deductions made from their April 3, 2025 pay check -- worked in excess of forty (40) hours in that pay period.

28. In those weeks that they worked in excess of forty hours, under Federal and State law the Plaintiffs were entitled to time and one-half the wages for each hour over forty.

29. Because of the unlawful deductions on April 3, 2025, Plaintiffs and the putative collective and class action members were not paid the required full rate of time and one half for hours over forty.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated employees of Defendant UPS (the "FLSA Collective").

31. Plaintiff and the FLSA Collective were similarly situated in that they all worked the March 23-29 Pay Period, all worked hours in excess of forty hours and all were not paid the required overtime premium pay for those overtime hours worked.

32. Defendant UPS's violations of the FLSA have been willful, knowing, intentional, and without a good faith basis, and have significantly damaged Plaintiffs and the FLSA Collective.

33. As a result of its unlawful conduct, Defendant UPS is liable to Plaintiffs and the FLSA Collective for the missing unpaid overtime premium pay, with interest, plus an additional equal amount as liquidated damages, plus reasonable attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

34. While the exact number is unknown to Plaintiffs at this time, there are approximately 400 members of the FLSA Collective.

35. Plaintiff is currently unaware of the identities of the individual members of the FLSA Collective.

36. Accordingly, the Court should require Defendant UPS to provide Plaintiffs with a list of all members of the proposed FLSA Collective, along with their last known home

addresses, telephone numbers, and email addresses, so that Plaintiffs may provide the members of the FLSA Collective with notice of this action and an opportunity to make an informed decision regarding whether to participate in the same.

## CLASS ACTION ALLEGATIONS

37. Plaintiffs propose the following class definition for the State law unlawful deduction claim:

> All employees of United Parcel Service of America, Inc., who had deductions from their wages in their April 3, 2025 pay check without signing a written authorization.

38. Plaintiffs propose the following for the State law unpaid overtime claim:

> All employees of United Parcel Service of America, Inc., who had deductions from their wages in their April 3, 2025 pay check without signing a written authorization who worked in excess of forty hours in that pay period.

39. The putative class is at least 200 or more employees and as such it is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

40. The putative class share the same questions of law and fact and there are no questions affecting only individual members.

41. The claims and defenses of the representative parties are identical to the claims and defenses of the putative class.

42. Plaintiffs can and will fairly and adequately protect the interests of the class.

43. Given the simple claim and remedy, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. The Plaintiffs are represented by the law firm of Charny & Wheeler P.C. Charny & Wheeler P.C. has the resources, expertise and experience necessary to prosecute this collective and class action and the attorneys do not have knowledge of any conflicts among the potential members of the class or their respective counsel.

FIRST CAUSE OF ACTION
VIOLATION OF THE FAIR LABOR STANDARDS ACT

45. Plaintiffs repeat and re-allege the preceding allegations.

46. By the foregoing Defendant UPS has failed to pay the Plaintiffs and the putative collective the required premium pay for all hours worked in excess of forty in a given work week in violation of the FLSA.

47. By the foregoing acts Defendant UPS has violated the FLSA.

SECOND CAUSE OF ACTION
NEW YORK LABOR LAW SECTION 193

48. Plaintiffs repeat and re-allege the preceding allegations.

49. New York Labor Law Section 193 prohibits employers from making deductions from employees' wages, except as authorized by the statute.

50. Defendant UPS had and has no written authorization as required by Section 193 for the deductions for Plaintiffs and the putative collective/class members.

51. By the foregoing acts, Defendant UPS has violated Labor Law Section 193.

THIRD CAUSE OF ACTION
NEW YORK LABOR LAW OVERTIME PREMIUM PAY

52. Plaintiffs repeat and re-allege the preceding allegations.

53. Article 6 of New York's Labor Law and its corresponding regulations (12 NYCRR 142-2.2) require that employers compensate their employees for hours over forty in a given work week at the rate of time and one-half the normal hourly rate of pay.

54. By the foregoing acts, Defendant UPS has violated Article 6 of the New York Labor Law.

FOURTH CAUSE OF ACTION
CONVERSION

55. Plaintiffs repeat and re-allege the preceding allegations.

56. Defendant UPS intentionally and without authority, assumed/assumes or exercises control over personal property belonging to the Plaintiffs and the putative collective/class, interfering with those persons' right of possession.

57. Plaintiffs have a possessory right or interest in the property and Defendant UPS dominion over the property or interference with it, is in derogation of Plaintiffs' and the putative collective/class members' rights.

58. By the foregoing acts, Defendant UPS as engaged in conversion of Plaintiffs' property.

REQUEST FOR RELIEF

59. Plaintiffs request the following relief:

(i) Certify this matter as a Collective Action under the FLSA;

(ii) Certify this matter as a Class Action under the C.P.L.R.;

(iii) An Order restraining violation of the FLSA and New York State Labor Law;

(iv) Judgment against Defendant UPS for willful violations of the FLSA and of New York Labor Law;

(v) Judgment against Defendant UPS for conversion and a Court Order requiring the return of all such converted property;

(v) Statutory liquidated damages;

(vi) Costs and reasonable attorneys' fees;

(vii) Pre- and post-judgment interest; and

(viii) Such other relief as the Court deems just and proper.

Dated: Rhinebeck, New York
April 25, 2025

Nathaniel K. Charny
Charny & Wheeler P.C.
42 West Market Street
Rhinebeck, New York 12572
Tel: (845) 876-7500
Fax: (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Plaintiffs