**United States District Court**
**For the Eastern District of New York**

-----------------------------------------------------------------X
TEAMSTERS LOCAL 804, PHILIP PESIRI, CESAR
ROSARIO, LUIS NETO AND ANTHONY RAMIREZ
on behalf of themselves and those similarly situated,

                          Plaintiffs,                  Civil Action No. 25-CV-2299

v.

UNITED PARCEL SERVICE OF AMERICA, INC.,

                          Defendant.

-----------------------------------------------------------------X

## JOINT STIPULATION OF
## CLASS AND COLLECTIVE  SETTLEMENT AND RELEASE

Subject to its terms and conditions and the approval of the Court, this Joint Stipulation of Class and Collective Settlement and Release reflecting the terms of the Parties' class and collective settlement (the "Settlement") is entered into by and between Teamsters Local 804, Philip Pesiri, Cesar Rosario, Luis Neto and Anthony Ramirez (the "Named Plaintiffs"), on behalf of themselves and the Class Members and United Parcel Service of America, Inc. ("UPS" or "Defendant"; together with Named Plaintiffs, the "Parties").

## I.      RECITAL AND BACKGROUND

**WHEREAS**, on April 25, 2025, Named Plaintiffs filed a putative class and collective action Complaint in the United States District Court for the Eastern District of New York against UPS alleging that UPS violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law (the "NYLL") and committed conversion when on or around April 3, 2025 it made alleged improper deductions the paychecks of members of Local 804 related to the payment of Optional Holidays;

**WHEREAS**, the Parties, through their respective counsel who are experienced in wage and hour litigation, have participated in extensive arm's-length negotiations in efforts to settle the Litigation, including the sharing of information regarding the scope of the putative collective and class;

**WHEREAS**, Defendant denied and continues to deny all of the material allegations made by Named Plaintiffs in the Litigation and has denied and continues to deny that it is liable or owes damages to anyone with respect to the alleged facts or claims asserted in the Litigation. Nonetheless, without admitting or conceding any arguments, issues, liability, or damages whatsoever, including that Defendant has made improper deductions to the pay of Named Plaintiffs or anyone on whose behalf they have attempted to bring claims, or that any claims

1

alleged may proceed on a class or collective action basis, Defendant has agreed to settle the claims on the terms and conditions set forth in this Agreement to avoid the burden and expense of continuing to defend against the Action;

**WHEREAS**, the Parties recognize that the outcome in the Litigation is uncertain and that achieving a final result through the court process would require substantial additional risk, discovery, time, and expense;

**WHEREAS**, the Parties desire to settle fully and finally all differences between them, including all claims asserted in the Litigation, in order to avoid the burden, expense, and uncertainty of continuing the Litigation;

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete Ssettlement of the Litigation on the following terms and conditions:

## 1.    DEFINITIONS

The defined terms set forth herein shall have the meanings ascribed to them below.

1.1    **Action** or **Litigation.**  The "Action" or "Litigation" shall mean the Complaint filed in the United States District Court for the Eastern District of New York, fashioned *Teamsters Local 804 et al. v. United Parcel Service of America, Inc.*, No. 25-2299.

1.2    **Agreement.**  "Agreement" or "Stipulation" means this Joint Stipulation of Class and Collective Action Settlement and Release together with all of its attachments and exhibits, which the Parties understand and agree sets forth all material terms and conditions of the Ssettlement between them, and which is subject to Court approval.

1.3    **Check Void Date.**  The "Check Void Date" shall refer to the date one hundred twenty (120) days from mailing of the Settlement Checks.

1.4    **Claims Administrator.**  "Claims Administrator" or "Settlement Administrator" shall mean a third-party administrator selected by Defendant with the consent of Plaintiffs (such consent shall not be unreasonably withheld).  The Parties have identified ILYM Group, Inc. as the Claims Administrator.

1.5    **Class Employees.**  "Class Employees" shall mean Named Plaintiffs and all individuals who are or were members of Local 804 and employed by Defendant who had a deduction taken from their pay related to the restoration of Optional Holidays on or about April 3, 2025.  The identities of these individuals have been agreed to by the Parties on a list dated January 8, 2026.

1.6    **Class Counsel** or **Plaintiffs' Counsel.**  "Class Counsel" or "Plaintiffs' Counsel" shall mean Nathaniel K. Charny, Charny & Wheeler P.C., 42 West Market Street, Rhinebeck, New York, 12572.

2

1.7    **Class Members.** "Class" or "Class Members" shall mean Named Plaintiffs and all Class Employees who do not opt out of the Settlement pursuant to Paragraph 3.1 of the Agreement.

1.8    **Complaint.** "Complaint" means the Complaint dated April 25, 2025, filed by Named Plaintiffs in the Action.

1.9    **Court.** "Court" shall mean the United States District Court for the Eastern District of New York.

1.10   **Defendant's Counsel.** "Defendant's Counsel" shall mean Lincoln Bisbee, Esq., and Lucas Hakkenberg, Esq., of Morgan Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178.

1.11   **Defendant.** "Defendant" shall mean the Defendant in the Action, United Parcel Service of America, Inc. ("UPS").

1.12   **Effective Date.** "Effective Date" shall mean the date on which the Judgment becomes a Final Judgment.

1.13   **Employer Payroll Taxes.** "Employer Payroll Taxes" shall mean all taxes and withholdings an employer is required to make arising out of or based upon the payment of wage compensation in this Action, including FICA, FUTA, and SUTA obligations.

1.14   **Final Approval Date.** "Final Approval Date" shall mean the date the Court issues the Final Approval Order entering Judgment and dismissing this Action with prejudice.

1.15   **Final Approval Hearing.** "Final Approval Hearing" shall mean a hearing set by the Court to take place at least thirty (30) days after the Opt Out Response Deadline, for the purpose of (i) determining the fairness, adequacy, and reasonableness of the Agreement terms and associated settlement pursuant to class action procedures and requirements; (ii) approving Class Counsel's attorneys' fees and costs; (iii) approving the payment of the Individual Named Plaintiffs' Service Payment; and (iv) entering the Final Approval Order.

1.16   **Final Approval Order.** "Final Approval Order" shall mean an order that finally and unconditionally grants final approval of this Stipulation, grants final certification of the Settlement Class for settlement purposes only, authorizes payments to Named Plaintiffs and the Class Members as provided in this Agreement, and fully and finally extinguishes (i) the Released State Claims of the Class Members; and (ii) the Released Federal Claims of the Participating Collective Members ~~upon their negotiation of their Settlement Checks~~, as set forth herein. The Parties shall submit a draft order, entitled "Order Granting Final Approval of Class and Collective Action Settlement," substantially in the form attached hereto as Exhibit C for the Court's review and approval.

1.17   **Final Judgment.** "Final Judgment" shall mean the date all of the following have occurred: (1) the Court has entered a Final Approval Order, and (2) the Final Approval Order has become "Final." "Final" means the later of: (a) the expiration of the time for seeking rehearing and/or appeal (including any extension of time for appeal) without any such

3

actions being taken, or (b) if rehearing, appellate review and/or extension of time for seeking appellate review is sought, thirty (30) days after any and all avenues of rehearing appellate review, and/or extension of time have been exhausted.

1.18    **"Individual Named Plaintiffs."** "Individual Named Plaintiffs" shall mean Philip Pesiri, Cesar Rosario, Luis Neto and Anthony Ramirez.

1.19    **Individual Settlement Award.** The "Individual Settlement Award" shall mean each Class Member's pro-rata share of the Net Settlement Amount which will be calculated by the Claims Administrator. To determine a Class Member's Individual Settlement Award, the Claims Administrator will multiply the amount of the deduction each Class Member incurred on April 3, 2025 related to the restoration of Optional Holidays by 5075%. If a Class Member is also a Participating Collective Member, their Individual Settlement Award shall be 75% of the amount of the deduction each Class Member incurred on April 3, 2025 related to the restoration of Optional Holidays. Defendant will provide a list of each Class Employee's deduction amount to the Claims Administrator. Each Class Member's Individual Settlement Award shall be reflected in the Settlement Notice that he or she receives. If a Class Member is not yet a Participating Collective Member, the Settlement Notice shall reflect both the amount they shall receive as a Class Member and the additional amount the Class Member could receive by becoming a Participating Collective Member.

1.20    **Maximum Settlement Amount.** "Maximum Settlement Amount" means $86,882.54, which is the maximum amount that Defendant has agreed to pay to fully resolve and settle this Action, including any claim for attorneys' fees and costs approved by the Court; any and all amounts to be paid to Class Members; any Court-approved Service Payments, and the Employees' share of payroll taxes. Defendant will not be required to pay under this Agreement any more than the gross total of $86,882.54, except for the Employer Payroll Taxes and Settlement Administration Costs which Defendant shall pay independent of and in addition to the Maximum Settlement Fund. To the extent that not all Class Members become Participating Collective Members, the Maximum Settlement Amount shall be reduced to account for the lower Individual Settlement Award of Class Members who do not become Participating Collective Members.

1.21    **Net Settlement Amount.** "Net Settlement Amount" shall mean the remainder of the Maximum Settlement Amount (as defined above) after deductions for: (1) Court-approved attorneys' fees and costs for Class Counsel and (2) any Court-approved Service Awards to the Individual Named Plaintiffs.

1.22    **Notice or Settlement Notice.** "Notice" or "Settlement Notice" shall mean the Court approved Notice of Settlement to be sent to Class Employees after the Court grants Preliminary Approval of the Agreement, substantially in the form attached to this Agreement as Exhibit A which includes the Election to Opt-Out of Settlement and Class Action Form (Form A) and the Change of Name and/or Address Information Form (Form B). There are two versions of the proposed Notice to reflect whether a Class Member is a Participating Collective Member as of the date of the mailing of the Notice.

**1.23    Opt Out Form.**  "Opt Out Form" shall mean a written and signed request by Class Employees to be excluded from participation in the Settlement, in the manner and within the time set forth this Stipulation and attached as Form A to the Settlement Notice.

**1.24    Opt Out Response Deadline.**  "Opt Out Response Deadline" shall mean the later of the date sixty (60) days from the date the Settlement Administrator first mails the Settlement Notice to Class Employees, or sixty (60) days from the date the Settlement Administrator mails another Settlement Notice to a Class Employee at a different address, provided that under no circumstances will the Opt Out Response Deadline be more than one hundred and twenty (120) days from date the Settlement Administrator first mails the Settlement Notice to Class Employees.

**1.25    Objector.**  "Objector" shall mean an individual Class Member who properly files an objection to this Agreement in accordance with **Section 2.7** herein and does not include any individual who opts out of this Agreement.

**1.26    Participating Collective Member.**  "Participating Collective Member" shall mean any Class Member who ~~negotiates his or her Settlement Check and thus releases his or her Released Federal Claims~~has filed an opt-in notice with the Court before the date of the Final Approval Hearing.

**1.27    Participation Deadline.**  ~~"Participation Deadline" shall mean hundred twenty (120) days from mailing of the Settlement Checks.  Settlement Checks not cashed or deposited by the Participation Deadline will be void and a stop-payment directive shall be placed by the Claims Administrator with the applicable bank.~~

~~1.28~~**1.27**    **Parties.**  "Parties" shall mean the Named Plaintiffs and Defendant.

~~1.29~~**1.28**    **Preliminary Approval Date.**  "Preliminary Approval Date" means the date on which the Preliminary Approval Order is issued by the Court.

~~1.30~~**1.29**    **Preliminary Approval Motion.**  The "Preliminary Approval Motion" shall mean and refer to the unopposed motion to be filed by Named Plaintiffs seeking preliminary approval of the Settlement from the Court, including the supporting briefs, documents and materials.  Class Counsel shall provide a draft of the Preliminary Approval Motion to Defendant's counsel for review and comment fourteen (14) days prior to filing it with the Court.

~~1.31~~**1.30**    **Preliminary Approval Order.**  "Preliminary Approval Order" shall mean the Order entered by the Court, substantially in the form attached hereto as Exhibit B, to be executed and filed by the Court preliminarily approving the terms of this Agreement and authorizing the sending of the Settlement Notice to the Class Employees.

~~1.32~~**1.31**    **Qualified Settlement Fund.**  "Qualified Settlement Fund" or "QSF" means the ~~Q~~qualified ~~S~~settlement ~~F~~fund established by the Settlement Administrator in accordance with this Agreement.

1.331.32      **Releasees or Released Parties.**  "Releasees" or "Released Parties" shall mean Defendant and its present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them.

1.341.33      **Released Federal Claims.**  "Released Federal Claims" means any and all federal wage and hour claims including, but not limited to, those brought under the FLSA, whether known or unknown, predicated on deductions that occurred on or around April 3, 2025 to Class Members' paychecks related the restoration of Optional Holidays and all related claims including claims seeking liquidated damages, penalties, interest, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, and/or equitable relief, from the beginning of time through the Preliminary Approval Date.

1.351.34      **Released State Claims.**  "Released State Claims" shall mean any and all state and local wage and hour claims, including claims brought under the New York Labor Law, whether known or unknown, predicated on deductions that occurred on or around April 2025 to Class Members' paychecks related the restoration of Optional Holidays, and any other claims related to these deductions including but not limited to, claims for unpaid regular or overtime wages, penalties, damages, and all related claims including claims for unlawful deductions, improper wage statements, claims asserted under the New York Wage Theft Prevention Act, claims under the New York Wage Orders; and claims seeking liquidated damages, penalties, interest, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, and/or equitable relief, including conversion, from the beginning of time through the Preliminary Approval Date.

1.361.35      **Service Payment.**  "Service Payment" shall means the amount approved by the Court to be paid to Individual Named Plaintiffs, in addition to their Individual Settlement Awards, in recognition of their efforts in coming forward as the Named Plaintiffs, assisting in the prosecution of the Action, and otherwise benefiting the Class Members.

1.371.36      **Settlement Administration Costs.**  "Settlement Administration Costs" shall mean the fees of and costs incurred by the Settlement Administrator in administering the Ssettlement as described in this Agreement.

1.381.37      **Settlement Checks.**  "Settlement Checks" shall mean the checks issued to Class Members in the amount of their Individual Settlement Award minus applicable taxes and withholdings.

6

2.  **CERTIFICATION OF THE CLASS AND COLLECTIVE ACTION AND CONSENT TO COURT-FACILITATED NOTICE FOR PURPOSES OF SETTLEMENT ONLY**

2.1  For settlement purposes only, the Parties agree that the Individual Named Plaintiffs and Class Employees are similarly situated and stipulate to class certification by the Court of all state law claims raised in the Action and to collective action certification of all FLSA claims raised in the Action and consent to Court-facilitated notice of the Action and Settlement to all Class Employees.

2.2  The Parties shall cooperate and present to the Court such information as may be reasonably requested for its consideration in connection with approving this Agreement and the Court-facilitated notice.

2.3  The Defendant's consent to class and collective certification is made solely for purposes of this Agreement.  The certification is in no way an admission that a class or collective certification is proper or that certification requirements would be established under governing law or by further discovery.

2.4  Other than to enforce the terms of the releases, confidentiality and non-admission provisions herein, the existence and terms of this Agreement shall not be admissible in this or any other action or proceeding for any purpose, including as evidence that (a) this Action, the proposed class, collective or any other class or collective should be certified or not decertified; or (b) the Released Parties are liable to Named Plaintiffs, the Class Employees, or any other putative class or collective action member.

3.  **PARTICIPATION IN THE SETTLEMENT**

3.1  Participation in Settlement by Class Employees

(A)  Class Employees may elect to "opt out" of the Settlement and thus exclude themselves from the Action and Settlement.  Class Employees who wish to exercise this option must fully complete, properly execute, and timely mail, per the instructions therein, the form entitled "Election to Opt Out of Settlement and Class Action Form" attached hereto as Form A to the Settlement Notice.  If a fully completed and properly executed Opt Out form is not received by the Settlement Administrator from a Class Employee and postmarked on or before the Opt Out Response Deadline, then that Class Employee will upon the Effective Date be deemed to (a) have forever waived his or her right to opt out of the Settlement; (b) be a Class Member; and (c) have forever released the Released State Claims against the Released Parties.

(B)  Class Employees who timely submit a fully completed and properly executed Opt Out form shall have no further role in the Action, and for all purposes shall be regarded as if they never were either a party to this Action or a Class Member, and thus they shall not be entitled to any benefit as a result of the Action, this Agreement and the Settlement that, nor will they have released any claims they may have against the Released Parties pursuant to this Agreement.

(C)     Class Members may object to the Agreement by submitting written objections to the Court and mailing copies of their written objection so that they are received by the Settlement Administrator and are postmarked no later than the Opt Out Response Deadline.  Any objections must be timely submitted as required in this Paragraph or else they will be waived.  The Proposed Settlement Notice shall advise Class Members of this option.  The Settlement Administrator shall immediately provide copies of any such objections to Class Counsel and Counsel for Defendant.

(D)     Class Members who opt into this Action before the Final Approval Hearing cash or deposit their Settlement Checks on or before the Participation Deadline will become Participating Collective Members upon the Final Approval Order  and shall be deemed to have waived the Released Federal Claims against the Released Parties. Class Members who do not timely cash or deposit their Settlement Checksopt into this Action by the Final Approval Order will not be deemed to have waived any Released Federal Claims against the Released Parties pursuant to this Agreement. Consistent with the law, however, the statute of limitations for an FLSA claim continues to run until a person affirmatively opts-in to, or files, an FLSA action.

(E)     Only Class Members who cash or deposit their Settlement Checks on or before the Participation DeadlineCash Check Deadline shall be entitled to payment pursuant to the Ssettlement and this Agreement.

3.2    Service Payments to Individual Named Plaintiffs.  The Service Payments to the Individual Named Plaintiff shall not exceed the amount of $1,000 each.  The Service Payments are being sought in recognition of the Individual Named Plaintiffs' efforts to pursue the claims raised in this Action on behalf of the Class Members, including assisting Class Counsel with the prosecution of this Action.

Defendant will not oppose Individual Named Plaintiffs' requests for the Service Payment. The Parties expressly agree that the Court's approval or denial of any request for the Service Payment is not a material condition to this Agreement, and is to be considered by the Court separately from the fairness, reasonableness, adequacy, and good faith of the Settlement.  In the event that the Court does not approve the amount of the Service Payment to Individual Named Plaintiffs, the Ssettlement will proceed.  This Agreement will be modified to reflect any amount that is approved by the Court.  Any amounts allocated as the Service Payment for Individual Named Plaintiffs under this Agreement, but not approved by the Court, shall be added to the Net Settlement Amount.

3.3    Payment of Attorneys' Fees and Costs.  Class Counsel will apply to the Court for approval of attorneys' fees not to exceed twelve thousand and five hundred dollars ($12,500.00), and costs in the amount of six hundred and eighty dollars ($680).  Defendant will not oppose such application.  Any order or proceeding relating to the application by Class Counsel for an award for fees, expenses and costs shall not operate to terminate or cancel this Agreement.  In the event that the Court does not approve the amount of the requested attorneys' fees or costs, the Ssettlement will proceed.  Any amounts allocated as attorney's fees or costs under this Agreement, but not approved by the Court, shall be added to the Net Settlement Amount.

8

**4.    THE SETTLEMENT PROCESS**

**4.1**    Court Approval of Settlement and Dismissal of the Action.  The Parties agree to jointly seek the Court's preliminary approval of the terms of this Agreement and, after the granting of preliminary approval, to seek the Court's final approval dismissing the Action with prejudice, on the condition that the Court retain jurisdiction to administer and enforce the terms of this Agreement, to the extent allowed by law.

(A)    A condition precedent to this Agreement going into effect is (a) the Court's approval of the Preliminary Approval Order attached as Exhibit B without any changes by the Court to the Preliminary Approval Order that Defendant reasonably and in good faith deem material.

(B)    The Parties shall provide to the Court for review and approval this Agreement, with exhibits, including (a) the Settlement Notice, attached as Exhibit A; and (b) the proposed Preliminary Approval Order in substantially the form attached as Exhibit B; and such other information as the Court may request.

(C)    The Parties shall cooperate and take all necessary steps to effectuate judicial approval of the Agreement.  Should the Court not issue the Preliminary Approval Order in the form attached as Exhibit B (or in a form without any changes by the Court that Defendant deems material), the terms of this Agreement will be null and void, the Parties will retain all rights and defenses in the Action, and all negotiations and information and materials pertaining in any way to this Agreement or the Settlement of the Action will be inadmissible.  In such an event, the Parties agree in good faith to negotiate about appropriate revisions and re-submit for the Court's approval.  In the event this Settlement is never approved by the Court, the Parties will retain all rights and defenses in the Action, and all negotiations and information and materials pertaining in any way to this Agreement or the Settlement of the Action will be inadmissible.

(D)    At least thirty (30) days after the Opt Out Response Deadline, the Court shall set the Final Settlement Approval Hearing.  Prior to the Final Settlement Approval Hearing, Named Plaintiffs and Defendant shall jointly move the Court for entry of the Final Approval Order.  The Parties shall make all reasonable efforts to secure entry of the Final Approval Order.  If the Court rejects their request, fails to enter the Final Approval Order in the form attached as Exhibit C (or in a form without any changes by the Court that Defendant deems material), this Agreement shall be void ab initio, and Defendant shall have no obligations to make any payments under the Agreement, except for costs already incurred by the Settlement Administrator, which shall be borne equally by, on one hand, Class Counsel and Named Plaintiffs, and Defendant, on the other.  At the time the motion is filed requesting Final Approval, Named Plaintiffs and Class Counsel also shall make an application for attorneys' fees and costs and the Service Awards.  Notwithstanding any order entered on the Individual Named Plaintiffs' and Class Counsel's application for awards to them, under no circumstance shall Defendant be required to pay any such awards absent occurrence of the Effective Date.

**4.2**    Settlement Administration.  If the Court grants Preliminary Approval of this Agreement, the Settlement will be administered by the Settlement Administrator.  Reasonable fees and expenses of the Settlement Administrator shall be paid by Defendants above and beyond the Maximum Settlement Fund.

In no circumstances will any administration of the Ssettlement, including issuance of the Settlement Notice, occur unless and until the Court issues the Preliminary Approval Order. The Parties agree to the following procedure for administration of the Settlement:

(A)    Collection and Validation of Contact Information.

   i.    Within twenty-one (21) days of the Preliminary Approval Date, Defendant, based on its records, shall provide the Settlement Administrator with the Class Employees' respective names, Social Security Numbers and last known addresses and state(s) in which the Class Employees were employed and the amount of the applicable deduction for each Class Employee. (collectively the "Contact Information").   The Contact Information provided to the Administrator shall be held in confidence and shall be used solely for purposes of effectuating this Agreement.  This information shall not be disclosed to Named Plaintiffs or Class Employees.

   ii.   Upon receipt of the Contact Information, the Settlement Administrator shall make reasonable efforts to obtain valid, current addresses for Class Employees, including validating Contact Information through the national change of address database or other third-party change of address databases prior to sending the Notice Materials and thereafter as needed.

   iii.  Upon receipt of the Contact Information, the Settlement Administrator shall calculate the Individual Settlement Share for each Class Employee and include this estimated amount in the respective Settlement Notices.

(B)    Issuance of Proposed Settlement Notice to Class Employees.

   i.    Within fourteen (14) days of receiving the Contact Information and the Payroll Information, the Settlement Administrator shall issue the Settlement Notice, as approved by the Court, in substantially the form attached hereto as Exhibit A to all Class Employees via U.S. First Class Mail.  The Settlement Notice shall inform Class Employees of their right to opt-out of the Ssettlement, object to the Ssettlement, or elect to participate in the Ssettlement, and the approximate payment amount they are entitled to receive if they participate.  If the Settlement Notice sent to a Class Employee is returned as undeliverable, the Settlement Administrator shall promptly undertake reasonable steps including performing a single skip trace to determine the Class Employee's current address and, if an additional address is located, to send the Settlement Notice to the additional address, provided that only one additional Settlement Notice may be sent to a Class Employee.

10

ii.   Class Employees shall have until the Opt Out Response Deadline to opt out of the Settlement by fully executing and returning the form entitled "Election to Opt Out of Settlement and Class Action Form" attached hereto as Form A of Exhibit B. Opt Out Forms must be returned via U.S. First Class Mail and be postmarked by the Opt Out Response Deadline, which shall be specified in the Settlement Notice, to be timely.

(C)   <u>Establishment and Funding of the QSF</u>.

i.    Within fourteen (14) days of the court issuing the Final Approval Order, the Settlement Administrator will provide Defendant with wire instruction and state the amount necessary to fund the QSF the Claims Administrator established under Section 468B of the Internal Revenue Code of 1986 ("IRC") and Treas.  Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq.  For the avoidance of doubt, the Settling Parties intend the QSF to be a Qualified Settlement Fund within the meaning of Section 468B of the IRC, as amended, the Treas. Reg. Section 1.468B-1, et seq.

ii.   Within fourteen (14) days of the Effective Date, Defendant shall wire the amount of the need to fund the QSF per the terms of this Agreement.

(D)   <u>Issuance of the Payments under This Agreement</u>.

i.    Within fourteen (14) days of the date Defendant funds the QSF, the Settlement Administrator shall issue (i) Settlement Checks to Class Members in the amount equal to their Individual Settlement Share minus applicable taxes and withholdings; (ii) a check in the amount of any Court-approved attorneys' fees and costs to Class Counsel; and (iii) a checks in the amount of any Court-approved Service Payment to Individual Named Plaintiffs.

ii.   The Settlement Checks to Class Members shall be valid ~~and negotiable~~ for a period of one hundred and twenty (120) days from issuance.  If the Settlement Administrator is asked by a Class Member or the Parties to reissue a Settlement Check, the Claims Administrator shall stop payment on the Settlement Check originally issued to that Class Member and issue a replacement Settlement Check which shall be valid ~~and negotiable~~ for the later of  thirty (30) days from the re-mailing or one hundred and twenty (120) days from the date original Settlement Check was mailed.  Any Settlement Checks that are not cashed or deposited by the Class Member within this timeframe, the last day of which is the "~~Participation Deadline~~Cash Check Deadline," shall become void.  Sixty (60) days after the Settlement Checks are mailed, the Settlement Administrator shall issue reminder postcards via first class mail to each of the Class Members who have not ~~negotiated~~ cashed or deposited his or her Settlement Check by that date.

11

iii.    Named Plaintiffs, and the Class Members and the Participating Collective Members shall remain bound by this Agreement, their respective State and Federal Law Releases, notwithstanding any failure to cash or deposit any Settlement Award issued pursuant to this Agreement.

(E)    Unclaimed Monies.  Any portion of the Net Settlement Amount that is not claimed by Class Members because those individuals did not timely negotiate cash or deposit their Settlement Checks by the Participation Cash Check Deadline shall be distributed *cy pres* to The Ed "Doc" Dougherty Scholarship Fund for the express purpose of providing scholarships to High School Seniors who are the children of active, retired, disabled or deceased members of Teamsters Local 804.  All *cy pres* funds shall be distributed to the Scholarship Fund Ed Dougherty Memorial Executive Committee, 44 S Bayles Ave, Port Washington, NY 11050 within sixty (60) days of Participation Cash Check Deadline.

(F)    Tax Treatment of Settlement Checks.

i.    Each Individual Settlement Payment is intended to constitute a settlement of a claim for unpaid wages, for which the Claims Administrator will issue a Form W-2 to the Class Members and payroll tax withholding and deductions will be taken.

ii.    The Settlement Administrator shall be responsible for determining the appropriate number of exemptions to be used in calculating payroll tax and withholding, deciding the appropriate tax rate, and issuing IRS Forms W-2 as appropriate with regard to the Individual Settlement Awards.

(G)    Tax Treatment of Attorneys' Fees.  Within seven (7) calendar days following Final Approval, Class Counsel shall provide the Claims Administrator with a duly completed IRS Form W-9.  The Court-approved attorneys' fees payments provided by this Settlement shall be reported on behalf of Class Counsel to the appropriate taxing Authorities on a Form 1099 issued to Class Counsel by the Settlement Administrator, provided the Settlement Administrator has timely received a duly completed Form W-9 from Class Counsel.

(H)    Tax Treatment of Service Payment.  The Service Payment paid to Individual Named Plaintiffs under this Agreement shall be reported as non-wage income to the applicable taxing authorities on a Form 1099-MISC (Box 3) issued to Individual Named Plaintiffs by the Settlement Administrator.

(I)    Responsibility for Taxes.

i.    Defendant is only responsible for the Employer Payroll Taxes arising from the payments under this Agreement.  In the event that it is determined by the applicable taxing authorities that Class Counsel, Named Plaintiffs and/or any Class Member owes any additional taxes with respect to any attorneys' fees or costs, any Service Payment, or any Individual Settlement Award distributed under this Agreement, it is expressly agreed that the

determination of any tax liability is between Class Counsel, Named Plaintiffs, and/or the Class Members and the tax authorities, and that Defendant will not be responsible for the payment of such taxes, including any interest and penalties.

ii.    Class Counsel, Counsel for Defendant, and Defendant make no representations, and it is understood and Named Plaintiffs agrees on behalf of Class Members, that Class Counsel, Counsel for Defendant, and Defendant have made no representations, as to the taxability of any portions of the payment made pursuant to this Settlement to Named Plaintiffs or any Class Member, the payment of any costs or award of attorneys' fees to Class Counsel, or any Service Payment to Named Plaintiffs.  The Notice Materials will advise Class Employees to seek their own tax advice prior to acting in response to the Notices.  Neither Class Counsel nor Counsel for Defendant intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

iii.    Named Plaintiffs and/or any Class Member agrees to indemnify and hold harmless Defendant and Released Parties for any taxes, penalties, interest, or other amounts due or owing by Defendant for any taxes due or owed by Named Plaintiffs and/or any Class Member on any portion(s) of the Settlement Check to any Named Plaintiffs or Class Member, or any Service Payment to Named Plaintiffs.  Other than as set forth above, and as required by law, Defendant and the Settlement Administrator will not make from the payment to Named Plaintiffs and/or any Class Member any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, and entry of the Final Approval Order shall be deemed authority not to make such deductions, withholdings, or additional payments.  Any amount paid to Named Plaintiffs and/or any Class Member shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by Defendant.

(J)    Other Responsibilities of the Settlement Administrator.

i.    The Settlement Administrator shall provide periodic updates to Class Counsel and Counsel for Defendant regarding Class Employee opt outs, Class Member objections, and Settlement Check negotiation deposit rates.

ii.    The Settlement Administrator shall keep a log of all communications with any Class Employees, and shall be responsible for responding to inquiries about the Ssettlement.  In the event any Class Employee requests to speak to Class Counsel or has a question that seeks legal advice about the settlement, the Settlement Administrator shall provide that person with Class Counsel's contact information, including telephone number, email

13

address, and mailing address.  The Settlement Administrator shall forward all other unresolved questions or issues in writing to Class Counsel and Counsel for Defendant, who will work jointly to attempt to provide a resolution.

iii.   In communications to Class Employees, the Settlement Administrator and the Parties will cooperate to facilitate the purposes of the settlement.  Any communication between Class Counsel and a Class Employee shall not discuss any other Class Employee's decision to participate (or not to participate) in this Settlement or allocation of money thereunder.

iv.   Within seven (7) days of the Opt Out Response Deadline for all Class Employees, the Settlement Administrator shall provide Defendant and Class Counsel with a list of the names and addresses of all Class Employees (a) who have opted out of the Settlement; (b) who are Class Members; and (c) the final allocations of amounts to be distributed to each of the Class Members.  Once the amount of the final Individual Settlement Award to each Class Member has been calculated, payments to each Class Member will be in accordance with those allocations.

**5.   REPRESENTATION BY COUNSEL**

The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and that this Agreement has been executed with the consent and advice of counsel.

**6.   NON-ADMISSION OF LIABILITY AND NO WAIVER**

Defendant enters into this Agreement to avoid further expense and disruption to its business.  The Parties acknowledge and agree that liability for the actions that are the subject matter of the Action is disputed by Defendant.  This Agreement and the Ssettlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Parties to this Agreement.  The Parties further acknowledge and agree that this Agreement and the Settlement shall not be used to suggest an admission of liability in any dispute the Parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

**7.   RELEASE OF FEES AND COSTS**

Named Plaintiffs and Class Counsel understand and agree that any fee payments made under of this Agreement will be the full, final, and complete payment by Defendant of all attorneys' fees and costs arising from or relating to the representation of Named Plaintiffs, the Class Members or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of the Action against Defendant.  As an inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and

14

forever discharge any claim they may have against the Released Parties for attorneys' fees or costs arising from or relating to the individuals and matters identified in this Paragraph. As a further inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel further understand and agree that the fee and cost payments made pursuant to Paragraph 3.3 of this Agreement will be the full, final, and complete payment of all attorneys' fees and costs that are released, acquitted, or discharged under this Paragraph. As further inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel warrant and represent that they will not, nor will any of their employees, agents, or representatives of their firms, file any claims for attorneys' fees or costs against the Released Parties, including, but not limited to, bills of costs or requests for attorneys' fees, arising out of the Action, and Named Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge the Released Parties of any liability for such fees and/or costs. Furthermore, Named Plaintiffs and Class Counsel represent and warrant that they are not aware of any attorney, other than Class Counsel, who has any attorney's fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with the Action, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Action.

## 8. MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the affected Parties or the respective counsel of record for the Parties, and as approved by the Court with respect to material modifications or amendments.

## 9. USE OF DOCUMENTS

All originals, copies, and summaries of documents, presentations, and data provided to Class Counsel by Defendant in connection with the settlement negotiations in this matter, including e-mail attachments containing such materials, may be used only with respect to this Settlement, or any dispute between Class Members and Class Counsel regarding the Settlement, and no other purpose, and may not be used in any way that violates any existing contractual agreement, statute, or rule.

## 10. COURT RETAINS JURISDICTION TO ENFORCE AGREEMENT

The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Agreement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Ssettlement embodied in the Agreement. This retention of jurisdiction encompasses any disagreement among the Parties concerning the final forms of documents necessary to implement this Agreement, and all other disputes regarding the Agreement and its implementation. Any action to enforce this Agreement shall be commenced and maintained only in this Court.

## 11. COOPERATION CLAUSE

The Parties agree to cooperate to effectuate the Ssettlement of the Action, including securing the Court's approval of the Agreement, assisting with the administration of the

15

Ssettlement in accordance with the terms of this Agreement, and obtaining a final dismissal.  The Parties further agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the terms and conditions of the Agreement, including but not limited to obtaining the dismissal, transfer to the Court, or stay of any pending or subsequently-filed class or collective action lawsuit that alleges any of the claims covered by the releases herein.

**12.    ASSIGNMENTS**

Named Plaintiffs and Class Counsel represent that they have not assigned or transferred, or purported to assign or transfer, to any person or entity any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action, or any related action.

**13.    NO REPRESENTATIONS FROM DEFENDANT**

Named Plaintiffs and Class Counsel represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by Defendant or by any of its agents, representatives, or attorneys with regard to the subject matter, basis, or effect of this Agreement.

**14.    RIGHT TO WITHDRAW**

Defendant shall have the right to withdraw from, and void ab initio, this Agreement at any time prior to the Effective Date upon the occurrence of any one of the following events: (i) 15% or more of the Class Employees do not become Class Members or Participating Collective Members; (ii) the Settlement is construed in such a fashion that Defendant is required to pay more than Maximum Settlement Fund, plus the Employer Payroll Taxes and Settlement Administration Costs; (iii) the application or scope of the agreed upon releases is altered; (iv) the collective or class action claims are not certified for settlement purposes; or (v) there is any other material modification of the Settlement.  If Defendant withdraws from this Agreement, then all terms of this Agreement (other than the provisions governing confidentiality, non-admission, and requirement to withdraw if the Stipulation is not approved) and the Settlement will become null and void; the terms and fact of this Settlement (and of any act performed or document executed pursuant to or in furtherance of the Settlement), the fact that the Parties had made the Agreement, or that the Court granted certification of the class and collective action, or otherwise accepted the Agreement, will be inadmissible evidence in any subsequent proceeding in the Action or elsewhere.

**15.    BINDING AGREEMENT**

This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of Defendant and to their respective heirs, administrators, representatives, executors, successors, and assigns.

**16.    ARM'S LENGTH TRANSACTION; MATERIALITY OF TERMS**

The Parties have negotiated all the terms and conditions of this Agreement at arm's length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement.

**17.    SEVERABILITY**

Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, Paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect.

**18.    LIMITED CONFIDENTIALITY**

The Named Plaintiffs and Class Counsel shall keep the terms of this Agreement confidential until Named Plaintiff files a motion for preliminary approval of the Settlement with the Court.  Notwithstanding the foregoing, the Named Plaintiffs shall also have the right to disclose this Agreement as may be required under federal or state tax and/or securities laws or under generally accepted accounting principles, and may disclose in legal proceedings a summary of the terms of this Agreement even before the filing of the Approval Motion.  Likewise, Named Plaintiffs shall have the right to disclose the Settlement to their tax and legal advisors and spouses.  The Parties further agree and acknowledge that nothing herein shall prevent Plaintiffs' Counsel from referring or citing to this Action and the pleadings and other papers filed in obtaining approval of this Ssettlement in any court filings and proceedings in other cases for the purposes of demonstrating their experience and adequacy as class counsel.

**19.    TOLLING AGREEMENT**

Upon the Effective Date, the Named Plaintiffs agree that any previously executed tolling agreement entered into by the Parties shall be null, void, and immediately be cancelled ab initio with no further effect.

**20.    CAPTIONS**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**21.    CONSTRUCTION**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each party participated jointly in the drafting of this Agreement,

and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship. Class Counsel warrant and represent that they are expressly authorized by the Named Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms. Counsel for Defendant warrant and represent that they are authorized to take all appropriate action required or permitted to be taken by Defendant pursuant to this Agreement in order to effectuate its terms.

## 22.    CONTROLLING LAW

This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws, and shall be subject to the continuing jurisdiction of the Court.

## 23.    SOLE AND ENTIRE AGREEMENT

This Agreement, including Exhibits A through C and attached hereto, sets forth the entire agreement between the Parties hereto. This Agreement fully supersedes any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof. This Agreement may only be modified in writing.

## 24.    EXTENSIONS OF TIME

If any deadlines related to this Agreement cannot be met, Class Counsel and Counsel for Defendant shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Agreement. In the event that the Parties fail to reach such agreement, any of the Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Agreement.

## 25.    FACSIMILE/ELECTRONIC SIGNATURES

Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## 26.    THIRD PARTY BENEFICIARIES

The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto; but this Agreement is not designed to and does not create any third-party beneficiaries other than third parties that are identified as Released Parties as defined in Paragraph 1.33.

## 27.    RIGHT OF APPEAL

The Parties agree to maintain the right to appeal denial of approval of the Settlement.

18

**28.    COUNTERPARTS**

This Agreement may be executed in two or more counterparts, each of which counterpart shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

**29.    ELECTRONIC SIGNATURES.**

The Parties agree that this Agreement may be executed via electronic signature, copy of a signature, or original signature, which shall be treated with the same force and effect as an original signature, and that executed signature pages may be transmitted in counterparts by facsimile, email, or U.S. mail, all of which taken together shall constitute an instrument enforceable and binding upon the undersigned parties.

[SIGNATURES ON FOLLOWING PAGE]

19

_____        By: _____
Date:                                               Philip Pesiri


_____        By: _____
Date:                                               Cesar Rosario


_____        By: _____
Date:                                               Luis Neto


_____        By: _____
Date:                                               Anthony Ramirez


_____        By: _____
Date:                                _____ on behalf of Teamsters Local 804


_____        By: _____
Date:                                Jessica Jacobs, Associate General Counsel – Litigation,
                                        on behalf of United Parcel Service of America, Inc.


**CLASS COUNSEL AS TO FORM
AND CONTENT:**


                                                Charny & Wheeler P.C.


DATED: _____, 20264        By: _____


                                                *Class Counsel*

# Exhibit A-1

## NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT

### [FOR CLASS MEMBER WHO ARE NOT YET PARTICIPATING COLLECTIVE MEMBERS]

### *TEAMSTERS LOCAL 804, et al. vs. UNITED PARCEL SERVICE OF AMERICA, INC.*

### United States District Court, Eastern District Of New York

### Civil Action No. 25-CV-2299

To:

[Name]

[Address]

[City, State Zip]

***The United States District Court, Eastern District of New York authorized this notice.  This is not a solicitation from a lawyer.  This is not a lawsuit against you, and you are not being sued.  However, your legal rights are affected whether you act or do not act.***

The purpose of this Notice of Proposed Settlement of a Class and Collective Action ("Notice") is to notify individuals who are members of Teamsters Local 804 who worked for United Parcel Service of America, Inc. ("UPS" or "Defendant") and who had a deduction taken from their pay related to the restoration of Optional Holidays on or about April 3, 2025 of the proposed settlement (the "Settlement") of the lawsuit referenced above (the "Action").  This Notice includes information about your rights and options with respect to the Action and proposed Settlement.  It is your choice whether to participate in the proposed Settlement.

**Read this Notice carefully, as the proposed Settlement will affect your rights.  To receive proceeds from the Settlement if approved by the Court, <u>you do not have to do anything in response to this Notice,</u> as explained in further detail below**.

- On April 25, 2025, Teamsters Local 804, Philip Pesiri, Cesar Rosario, Luis Neto and Anthony Ramirez (the "Named Plaintiffs") filed a putative class and collective action Complaint in the United States District Court for the Eastern District of New York against UPS (the "Litigation") alleging that UPS violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law (the "NYLL") and committed conversion when on April 3, 2025 it made alleged improper deductions the paychecks of members of Local 804 related to the payment of Optional Holidays.

21

- UPS denies the Named Plaintiffs' allegations that the deductions were improper and maintains that it at all times properly compensated its employees in accordance with the law.  Nevertheless, to avoid the substantial costs inherent in any litigation and disruption to UPS's business, it has agreed to settle the Action on the terms below.

- The Court has not made any ruling on the merits of the claims, and no Party has prevailed in the lawsuit.  However, the Court has reviewed and preliminarily approved this Settlement and this Notice.

- You are receiving this Notice because UPS's records show that you worked as a Class Employee who had a deduction related to Optional Holidays made to your pay in April 2025 and are eligible to participate in the Settlement.  If you participate in the Settlement and the Court grants final approval of the Settlement, you will receive a Settlement payment estimated to be $_____, which you will receive in the mail.  Your Settlement payment will increase by $X, if you also file a FLSA opt-in form with the Court before the Final Approval Hearing.  The ultimate amount of the Settlement payment you shall receive as a participant in the Settlement, i.e., a "Class Member," will be based on a percentage of the amount to the deduction to your pay that occurred in April 2025 associated with Optional Holidays.

- Any portion of the settlement amount which is not claimed by Class Members shall be distributed *cy pres* to The Ed "Doc" Dougherty Scholarship Fund for the express purpose of providing scholarships to High School Seniors who are the children of active, retired, disabled or deceased members of Teamsters Local 804.

- You are not obligated to participate in the Action and Settlement.  If you do not wish to participate in this Action and Settlement you must submit an Election to Opt Out of Settlement and Class Action Form (described in Section 8 below) by [date].  If you opt-out of the Action and SettlementIf you do not participate in the Action and Settlement, you will not receive or otherwise be entitled to the monetary settlement payment associated with this Action, and you will not release any of your wage and hour claims against UPS.

- This Notice only summarizes the Action and the terms of the Settlement.  The Joint Stipulation of Class and Collective Action Settlement and Release, i.e., the Settlement Agreement, contains all of the terms of the Settlement.

Your legal rights and options – **and the deadlines to exercise them** – are explained below.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

22

| | |
|---|---|
| **IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A SETTLEMENT PAYMENT** | If you are a Class Employee as described above, and you wish to participate in this Ssettlement, you do not have to do anything.  Unless you opt-out as described in Section 9 below, you will be bound by the release of New York state and local law claims described in Section 7 of this Notice and you will receive in the mail a Ssettlement check estimated to be in the amount of [$_____] representing your share of the settlement fund.  ~~If you choose to cash or deposit that check, you will further be bound by the release of federal claims described in Section 7 of this Notice.~~ [Your Settlement payment will increase by $X, if you also file a FLSA opt-in form with the Court before the Final Approval Hearing.] |
| **IF YOU WANT TO EXCLUDE YOURSELF (OPT OUT) FROM THE SETTLEMENT** | If you timely submit an Election to Opt Out of Settlement and Class Action Form, you will not receive any payment or other benefits of Settlement, but you will not be bound by the release of any of the claims described in Section 7 of this Notice.  You did not need to retain a lawyer to opt-out of the Settlement. |

**BASIC INFORMATION**

### 1.  What are the terms of the proposed Settlement?

UPS has agreed to pay up to $86,882.54 into a fund to pay (1) Class Employees who elect to participate in this Settlement, i.e. Class Members, (2) Court-approved attorneys' fees and costs of $13,180, and (3) Court-approved Services Awards totaling $4,000.00 divided equally among the Individual Named Plaintiffs.

### 2.  Why is there a proposed Settlement?

The Court did not decide the claims raised in the Action in favor of the Named Plaintiffs or UPS, and no Party prevailed.  The Parties agreed to a Ssettlement to avoid further disputes and the risk, expense, and inconvenience of litigation.

On [DATE], the Court granted preliminary approval of the proposed Ssettlement.  The Court will decide whether to give final approval to the proposed Ssettlement in a hearing scheduled for [DATE] ("Final Approval Hearing").  See Section 12 below for details.

The Named Plaintiffs and their attorneys believe that this Ssettlement is a good outcome for all individuals covered by the proposed Ssettlement.  But if you believe the Ssettlement is not in your interests, you may opt out of the Ssettlement.  See Section 8 below for details.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

### 3.  How much is my settlement payment and how was it calculated?

23

Based on the allocation formula that has been preliminarily approved by the Court, if the Court grants Final Approval of the Settlement and you participate in the Settlement, you will be receiving a settlement check for approximately $_____, for which you will receive a W-2 and be taxed on these wages.  The amount of this award was determined by multiplying the amount of your pay deduction on or around April 3, 2025 pertaining to Optional Holidays ~~by 75%~~50% as you are a Class Member but not a Participating Collective Member.  If you opt-into the FLSA collective and become a Participating Collective Member before the Final Approval Hearing your payment shall increase to 75% of the pay deduction.  The Settlement Agreement contains further details.  You may obtain a copy of the Settlement Agreement by following the instructions in Section 13 below.

Neither Class Counsel nor Defendant make any representations concerning the tax consequences of your settlement payment.  You are advised to obtain personal tax advice prior to acting in response to this Notice.

**HOW YOU GET A PAYMENT**

**6.  How do I get my payment?**

To receive proceeds from the Settlement, **you do not have to do anything in response to this Notice**.

If the Court grants final approval of the Settlement and you do **not** submit an Election to Opt Out of Settlement and Class Action Form (described in Section 8 below), you will be bound by the release of state and local law claims described in Section 7 below, and you will receive in the mail a Settlement check in the amount of approximately [$_____] representing your share of the Settlement fund.  Your Settlement payment will increase by $X, if you also file a FLSA opt-in form with the Court before the Final Approval Hearing.

**7.  What am I giving up if I receive proceeds from the Ssettlement?**

If you do not request exclusion from the Settlement in accordance with Section 8 below, you will be deemed to have agreed to participate in the Action and Settlement.  By participating in the Action and Settlement you are confirming that you consent and agree to be bound by any adjudication of this Action by the Court and to the terms of the Settlement Agreement.  You also agree to release, waive and forever discharge UPS and its present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them (the "Released Parties") from any and all state and local wage and hour claims, including claims brought under the New York Labor Law, whether known or unknown, predicated on deductions that occurred on or around April 3, 2025 to Class Members' paychecks related the restoration of Optional Holidays, and any other claims

24

related to these deductions including but not limited to, claims for unpaid regular or overtime wages, penalties, damages, and all related claims including claims for unlawful deductions, improper wage statements, claims asserted under the New York Wage Theft Prevention Act, claims under the New York Wage Orders; conversion and claims seeking liquidated damages, penalties, interest, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, and/or equitable relief, from the beginning of time through the Preliminary Approval Date. (the "Released State Claims").

In addition, if ~~you also cash or deposit your settlement check~~you file an opt-in form with the Court to become a party to this Action under the FLSA in advance of the Final Approval hearing, you will be deemed to have further waived, released, and forever discharged the Released Parties from any and all federal wage and hour claims including, but not limited to, those brought under the FLSA, whether known or unknown, predicated on deductions that occurred on or around April 3, 2025 to Class Members' paychecks related the restoration of Optional Holidays and all related claims including claims seeking liquidated damages, penalties, interest, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, and/or equitable relief, from the beginning of time through the Preliminary Approval Date (the "Released Federal Claims").

By participating in this Action, you also agree that the Settlement and the provision of your settlement payment is not intended to be and will not be construed as an admission by UPS of the validity of any potential claim.

**NOTE THAT BY PARTICIPATING IN THIS SETTLEMENT YOU ARE ONLY RELEASING CLAIMS AGAINST UPS PREDICATED ON DEDUCTIONS THAT OCCURRED ON OR AROUND APRIL 3, 2025 TO YOUR PAYCHECK RELATED TO THE RESTORATION OF OPTIONAL HOLIDAYS. YOU ARE NOT RELEASING ANY OTHER CLAIMS YOU MAY HAVE AGAINST UPS.**

**HOW DO YOU REQUEST EXCLUSION FROM OR OBJECT TO THE SETTLEMENT**

| |
|---|
| **8. What if I do not want to participate in the Ssettlement?** |

If you do not want to participate in the Settlement and wish to retain your right to pursue your own independent action, you must complete and mail the enclosed Election to Opt Out of Settlement and Class Action Form (enclosed with this Notice as Form A) to the Settlement Administrator. The Settlement Administrator is ILYM Group, Inc. Forms sent to the Settlement Administrator should be sent in the enclosed postage-paid envelope, or in an envelope addressed to the Settlement Administrator as set forth in Section 13 below.

In order to be valid, your completed Election to Opt Out of Settlement and Class Action Form must be received by the Settlement Administrator and be postmarked no later than [DATE]. If you timely submit an Election to Opt Out of Settlement and Class Action Form, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against Defendant with regard to all of the released claims described above in Section 7.

Further, if you do opt-into the FLSA Collective and subsequently do not wish to participate in such FLSA settlement you should speak with Class Counsel who you will have chosen to represent you with respect to your FLSA claims.

| 9. What if I want to object to the Ssettlement? |
| --- |

If you do not request exclusion from the Settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by filing a written objection with the Court and mailing a copy of your written objection to the Settlement Administrator.

All objections must be signed and include your address, telephone number, and the name of the Action. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. All objections must be filed with the Court, received by the Settlement Administrator, and postmarked by no later than [DATE]. If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the service payment to the Named Plaintiff, the claims process, and any and all other aspects of the Settlement. Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all of the Released State Claims as set forth above in Section 7 unless you request exclusion from the Settlement in accordance with Section 8 above.

You may elect to raise any concerns about the Settlement of your FLSA claims by notifying Class Counsel who will then inform the Court that you wish to be heard at the Final Approval Hearing.

## THE LAWYERS REPRESENTING YOU

| 10. Do I have a lawyer in this case? |
| --- |

The Court has determined that the lawyers at Charny & Wheeler P.C are qualified to represent you and all individuals covered by this Ssettlement. These lawyers are called "Class Counsel." You will not be charged for these attorneys. You do not need to retain your own attorney to participate as a member of this Action. However, you may consult with any attorney you choose at your own expense before deciding whether to opt out of this Settlement. You may also choose to represent yourself in this Action.

## FINAL APPROVAL OF THE SETTLEMENT

| 12. When will the Ssettlement be final and when will I receive my settlement payment? |
| --- |

26

If the Court grants Final Approval of the Settlement, and you did not request exclusion from the Ssettlement, you will receive your settlement payment in the mail a few weeks after Final Approval.

The Court will hold a Final Approval hearing on the fairness and adequacy of the proposed Settlement, the plan of settlement payment distribution, Class Counsel's request for attorneys' fees and costs, and the service payment to the Individual Named Plaintiffs on [DATE] in a courtroom [insert courtroom number] of the United States District Court of the Eastern District of New York located at 225 Cadman Plaza E, Brooklyn, NY 11201. The Final Approval Hearing may be continued without further notice to Class Members. You are not required to appear at the hearing to participate in or to opt-out of the Settlement.

**FOR MORE INFORMATION**

**13. Are there more details about the Ssettlement?**

This Notice summarizes the proposed Ssettlement. More details are in a Settlement Agreement. You are encouraged to read it. To the extent there is any inconsistency between this Notice and the Settlement Agreement, including between the description of the releases as provided in Section 7 above and the description of the releases as provided in the Settlement Agreement, the provisions in the Settlement Agreement control. You may obtain a copy of the Settlement Agreement by sending a request, in writing, to:

ILYM Group, Inc.
Address Forthcoming

You many also contact Class Counsel at:

Nathaniel K. Charny
Charny & Wheeler P.C.
42 W Market St.
Rhinebeck, NY 12572
(845) 876-7500

ncharny@charnywheeler.com

**15. What if my name or address changes before I receive my settlement payment?**

If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which the Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name and/or Address Information Form (enclosed with this Notice as Form B).

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

# Exhibit A-2

## NOTICE OF SETTLEMENT OF CLASS AND COLLECTIVE ACTION LAWSUIT

### [FOR OPT-INSCLASS MEMBERS WHO ARE ALREADY PARTICIPATING COLLECTIVE MEMBERS]

### *TEAMSTERS LOCAL 804, et al. vs. UNITED PARCEL SERVICE OF AMERICA, INC.*

### United States District Court, Eastern District Of New York

### Civil Action No. 25-CV-2299

To:

[Name]

[Address]

[City, State Zip]

*The United States District Court, Eastern District of New York authorized this notice. This is not a solicitation from a lawyer. This is not a lawsuit against you, and you are not being sued. However, your legal rights are affected whether you act or do not act.*

The purpose of this Notice of Proposed Settlement of a Class and Collective Action ("Notice") is to notify individuals who are members of Teamsters Local 804 who worked for United Parcel Service of America, Inc. ("UPS" or "Defendant") and who had a deduction taken from their pay related to the restoration of Optional Holidays on or about April 3, 2025 of the proposed settlement (the "Settlement") of the lawsuit referenced above (the "Action"). This Notice includes information about your rights and options with respect to the Action and proposed Settlement. It is your choice whether to participate in the proposed Settlement.

**Read this Notice carefully, as the proposed Ssettlement will affect your rights. To receive proceeds from the Settlement if approved by the Court, <u>you do not have to do anything in response to this Notice</u>, as explained in further detail below**.

- On April 25, 2025, Teamsters Local 804, Philip Pesiri, Cesar Rosario, Luis Neto and Anthony Ramirez (the "Named Plaintiffs") filed a putative class and collective action Complaint in the United States District Court for the Eastern District of New York against UPS (the "Litigation") alleging that UPS violated the Fair Labor Standards Act ("FLSA"), the New York Labor Law (the "NYLL") and committed conversion when on April 3, 2025 it made alleged improper deductions the paychecks of members of Local 804 related to the payment of Optional Holidays.

28

- UPS denies the Named Plaintiffs' allegations that the deductions were improper and maintains that it at all times properly compensated its employees in accordance with the law.  Nevertheless, to avoid the substantial costs inherent in any litigation and disruption to UPS's business, it has agreed to settle the Action on the terms below.

- The Court has not made any ruling on the merits of the claims, and no Party has prevailed in the lawsuit.  However, the Court has reviewed and preliminarily approved this Ssettlement and this Notice.

- You are receiving this Notice because UPS's records show that you worked as a Class Employee who had a deduction related to Optional Holidays made to your pay in April 2025 and are eligible to participate in the Ssettlement.  Because you have opted-in to the FLSA Collective, if you participate in the Settlement and the Court grants final approval of the Settlement, you will receive a Ssettlement payment estimated to be $_____, which you will receive in the mail.  The ultimate amount of the Ssettlement payment you shall receive as a participant in the Settlement, i.e., a "Class Member," will be based on a percentage of the amount to the deduction to your pay that occurred in April 2025 associated with Optional Holidays.

- Any portion of the settlement amount which is not claimed by Class Members shall be distributed *cy pres* to The Ed "Doc" Dougherty Scholarship Fund for the express purpose of providing scholarships to High School Seniors who are the children of active, retired, disabled or deceased members of Teamsters Local 804.

- You are not obligated to participate in the Action and Settlement.  If you do not wish to participate in this Action and Settlement you must submit an Election to Opt Out of Settlement and Class Action Form (described in Section 8 below) by [date].  If you opt-out of the Action and SettlementIf you do not participate in the Action and Settlement, you will not receive or otherwise be entitled to the monetary settlement payment associated with this Action, and you will not release any of your wage and hour claims against UPS.

- This Notice only summarizes the Action and the terms of the Settlement.  The Joint Stipulation of Class and Collective Action Settlement and Release, i.e., the Settlement Agreement, contains all of the terms of the Settlement.

Your legal rights and options – **and the deadlines to exercise them** – are explained below.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

29

| | |
|---|---|
| **IF YOU WANT TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A SETTLEMENT PAYMENT** | You have already opted-in to the FLSA Collective and therefore you do not have to do anything to receive the maximum settlement proceeds. Unless you opt-out as described in Section 9 below, you will be bound by the release of New York state and local law claims described in Section 7 of this Notice and you will receive in the mail a Ssettlement check estimated to be in the amount of [$_____] representing your share of the settlement fund. |
| **IF YOU WANT TO EXCLUDE YOURSELF (OPT OUT) FROM THE SETTLEMENT** | If you timely submit an Election to Opt Out of Settlement and Class Action Form, you will not receive any payment or other benefits of Settlement, but you will not be bound by the release of any of the claims described in Section 7 of this Notice.  You did not need to retain a lawyer to opt-out of the Settlement. |

## BASIC INFORMATION

### 1.  What are the terms of the proposed Settlement?

UPS has agreed to pay up to $86,882.54 into a fund to pay (1) Class Employees who elect to participate in this Settlement, i.e. Class Members, (2) Court-approved attorneys' fees and costs of $13,180, and (3) Court-approved Services Awards totaling $4,000.00 divided equally among the Individual Named Plaintiffs.

### 2.  Why is there a proposed Settlement?

The Court did not decide the claims raised in the Action in favor of the Named Plaintiffs or UPS, and no Party prevailed.  The Parties agreed to a Ssettlement to avoid further disputes and the risk, expense, and inconvenience of litigation.

On [DATE], the Court granted preliminary approval of the proposed Ssettlement.  The Court will decide whether to give final approval to the proposed Ssettlement in a hearing scheduled for [DATE] ("Final Approval Hearing").  See Section 12 below for details.

The Named Plaintiffs and their attorneys believe that this Ssettlement is a good outcome for all individuals covered by the proposed Ssettlement.  But if you believe the Ssettlement is not in your interests, you may opt out of the Ssettlement.  See Section 8 below for details.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 3.  How much is my settlement payment and how was it calculated?

Based on the allocation formula that has been preliminarily approved by the Court, if the Court grants Final Approval of the Settlement and you participate in the Settlement, you will be receiving a settlement check for approximately $\_\_\_\_\_, for which you will receive a W-2 and be taxed on these wages. The amount of this award was determined by multiplying the amount of your pay deduction on or around April 3, 2025 pertaining to Optional Holidays by 75%. The Settlement Agreement contains further details. You may obtain a copy of the Settlement Agreement by following the instructions in Section 13 below.

Neither Class Counsel nor Defendant make any representations concerning the tax consequences of your settlement payment. You are advised to obtain personal tax advice prior to acting in response to this Notice.

## HOW YOU GET A PAYMENT

| 6. How do I get my payment? |
| --- |

To receive proceeds from the Settlement, **you do not have to do anything in response to this Notice**.

If the Court grants final approval of the Settlement and you do **not** submit an Election to Opt Out of Settlement and Class Action Form (described in Section 8 below), you will be bound by the release of state and local law claims described in Section 7 below, and you will receive in the mail a Settlement check in the amount of approximately [$_____] representing your share of the Settlement fund.

| 7. What am I giving up if I receive proceeds from the Ssettlement? |
| --- |

If you do not request exclusion from the Settlement in accordance with Section 8 below, you will be deemed to have agreed to participate in the Action and Settlement. By participating in the Action and Settlement you are confirming that you consent and agree to be bound by any adjudication of this Action by the Court and to the terms of the Settlement Agreement. You also agree to release, waive and forever discharge UPS and its present and former affiliates, divisions, members, joint venture partners, subsidiaries, parents, predecessors, any merged entity or merged entities and/or its or their present and former officers, partners, directors, employees, agents, attorneys, shareholders and/or successors, insurers or reinsurers, employee benefit plans (and the trustees, administrators, fiduciaries, agents, representatives, insurers and reinsurers of such plans), assigns, trustees, heirs, administrators, executors, representatives and/or principals thereof, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity that could be jointly liable with any of them (the "Released Parties") from any and all state and local wage and hour claims, including claims brought under the New York Labor Law, whether known or unknown, predicated on deductions that occurred on or around April 3, 2025 to Class Members' paychecks related the restoration of Optional Holidays, and any other claims related to these deductions including but not limited to, claims for unpaid regular or overtime wages, penalties, damages, and all related claims including claims for unlawful deductions, improper wage statements, claims asserted under the New York Wage Theft Prevention Act,

31

claims under the New York Wage Orders; conversion and claims seeking liquidated damages, penalties, interest, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, and/or equitable relief, from the beginning of time through the Preliminary Approval Date. (the "Released State Claims").

In addition, because you have opted-in to the FLSA Collective, and if the settlement is approved, you will be deemed to have further waived, released, and forever discharged the Released Parties from any and all federal wage and hour claims including, but not limited to, those brought under the FLSA, whether known or unknown, predicated on deductions that occurred on or around April 3, 2025 to Class Members' paychecks related the restoration of Optional Holidays and all related claims including claims seeking liquidated damages, penalties, interest, attorneys' fees, expenses, disbursements, litigation costs and fees, restitution, and/or equitable relief, from the beginning of time through the Preliminary Approval Date (the "Released Federal Claims").

By participating in this Action, you also agree that the Settlement and the provision of your settlement payment is not intended to be and will not be construed as an admission by UPS of the validity of any potential claim.

**NOTE THAT BY PARTICIPATING IN THIS SETTLEMENT YOU ARE ONLY RELEASING CLAIMS AGAINST UPS PREDICATED ON DEDUCTIONS THAT OCCURRED ON OR AROUND APRIL 3, 2025 TO YOUR PAYCHECK RELATED TO THE RESTORATION OF OPTIONAL HOLIDAYS. YOU ARE NOT RELEASING ANY OTHER CLAIMS YOU MAY HAVE AGAINST UPS.**

**HOW DO YOU REQUEST EXCLUSION FROM OR OBJECT TO THE SETTLEMENT**

| 8.  What if I do not want to participate in the Ssettlement? |
| --- |

If you do not want to participate in the Settlement and wish to retain your right to pursue your own independent action, you must complete and mail the enclosed Election to Opt Out of Settlement and Class Action Form (enclosed with this Notice as Form A) to the Settlement Administrator. The Settlement Administrator is ILYM Group, Inc.  Forms sent to the Settlement Administrator should be sent in the enclosed postage-paid envelope, or in an envelope addressed to the Settlement Administrator as set forth in Section 13 below.

In order to be valid, your completed Election to Opt Out of Settlement and Class Action Form must be received by the Settlement Administrator and be postmarked no later than [DATE].  If you timely submit an Election to Opt Out of Settlement and Class Action Form, you will not be eligible to receive any of the benefits under the Settlement.  You will, however, retain whatever legal rights you may have against Defendant with regard to all of the released claims described above in Section 7.

Because you have opted-in to the FLSA Collective, if you do not wish to participate in such FLSA settlement you should speak with Class Counsel who you have chosen to represent you with respect to your FLSA claims.

32

## 9.  What if I want to object to the Ssettlement?

If you do not request exclusion from the Settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement by filing a written objection with the Court and mailing a copy of your written objection to the Settlement Administrator.

All objections must be signed and include your address, telephone number, and the name of the Action.  Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing. All objections must be filed with the Court, received by the Settlement Administrator, and postmarked by no later than [DATE].  If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the service payment to the Named Plaintiff, the claims process, and any and all other aspects of the Settlement.  Likewise, regardless of whether you attempt to file an objection, you will be deemed to have released all of the Released State Claims as set forth above in Section 7 unless you request exclusion from the Settlement in accordance with Section 8 above.

You may elect to raise any concerns about the Settlement of your FLSA claims by notifying Class Counsel who will then inform the Court that you wish to be heard at the Final Approval Hearing.

## THE LAWYERS REPRESENTING YOU

## 10.  Do I have a lawyer in this case?

The Court has determined that the lawyers at Charny & Wheeler P.C are qualified to represent you and all individuals covered by this Ssettlement.  These lawyers are called "Class Counsel." You will not be charged for these attorneys.  You do not need to retain your own attorney to participate as a member of this Action.  However, you may consult with any attorney you choose at your own expense before deciding whether to opt out of this Settlement.  You may also choose to represent yourself in this Action.

## FINAL APPROVAL OF THE SETTLEMENT

## 12.  When will the Ssettlement be final and when will I receive my settlement payment?

If the Court grants Final Approval of the Settlement, and you did not request exclusion from the Ssettlement, you will receive your settlement payment in the mail a few weeks after Final Approval.

The Court will hold a Final Approval hearing on the fairness and adequacy of the proposed Settlement, the plan of settlement payment distribution, Class Counsel's request for attorneys' fees

33

and costs, and the service payment to the  Individual Named Plaintiffs on [DATE] in a courtroom [insert courtroom number] of the United States District Court of the Eastern District of New York located at 225 Cadman Plaza E, Brooklyn, NY 11201.  The Final Approval Hearing may be continued without further notice to Class Members.  You are not required to appear at the hearing to participate in or to opt-out of the Settlement.

**FOR MORE INFORMATION**

**13.  Are there more details about the Ssettlement?**

This Notice summarizes the proposed Ssettlement.  More details are in a Settlement Agreement. You are encouraged to read it.  To the extent there is any inconsistency between this Notice and the Settlement Agreement, including between the description of the releases as provided in Section 7 above and the description of the releases as provided in the Settlement Agreement, the provisions in the Settlement Agreement control.  You may obtain a copy of the Settlement Agreement by sending a request, in writing, to:

> ILYM Group, Inc.
> Address Forthcoming

You many also contact Class Counsel at:

Nathaniel K. Charny
Charny & Wheeler P.C.
42 W Market St.
Rhinebeck, NY 12572
(845) 876-7500

ncharny@charnywheeler.com

**15.  What if my name or address changes before I receive my settlement payment?**

If, for future reference and mailings from the Court or Settlement Administrator, you wish to change the name or address listed on the envelope in which the Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name and/or Address Information Form (enclosed with this Notice as Form B).

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

# FORM A

**United States District Court**
**For the Eastern District of New York**

--------------------------------------------------------------------X
TEAMSTERS LOCAL 804, PHILIP PESIRI, CESAR
ROSARIO, LUIS NETO AND ANTHONY RAMIREZ
on behalf of themselves and those similarly situated,

                            Plaintiffs,                 Civil Action No. 25-CV-2299

v.

UNITED PARCEL SERVICE OF AMERICA, INC.,

                            Defendant.

--------------------------------------------------------------------X

### ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION FORM

**Instructions:** Please complete this Election to Opt Out of Settlement and Class Action Form only if you **do not** want to participate in the Settlement that is ~~descried~~ described in the Notice of Proposed Settlement of Class and Collective Action (the "Notice") that accompanies this Election to Opt Out of Settlement and Class Action Form. If you choose not to participate in the Settlement, you must complete this Form in its entirety and submit this Form so that ~~is~~ it is received by the Settlement Administrator and postmarked by [DATE].

### I.      PERSONAL INFORMATION

Name (first, middle, and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (_____)_____

### II.     REQUEST FOR EXCLUSION

      By signing and returning this Form, I certify that I have carefully read the Notice and that I wish to be excluded from the Action and Settlement described therein. **I understand that this means I will not receive any money or other benefits under the Settlement and cannot object to the Settlement.**

**III.    <u>MAILING INSTRUCTIONS</u>**

If you choose to return this Form, it must be received by the Settlement Administrator on or before [DATE], at the address listed below:

ILYM Group, Inc.
Address Forthcoming

# FORM B

**United States District Court**
**For the Eastern District of New York**

------------------------------------------------------------------X
TEAMSTERS LOCAL 804, PHILIP PESIRI, CESAR
ROSARIO, LUIS NETO AND ANTHONY RAMIREZ
on behalf of themselves and those similarly situated,

                              Plaintiffs,              Civil Action No. 25-CV-2299

v.

UNITED PARCEL SERVICE OF AMERICA, INC.,

                              Defendant.

------------------------------------------------------------------X

## CHANGE OF NAME AND/OR ADDRESS INFORMATION FORM

**Instructions:** Please complete this Change of Name and/or Address Information Form **only** if you wish to change your name and/or mailing address information.

**Former Name and Mailing Address**:

Name (first, middle, and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (_____)_____

**New Name and Mailing Address**:

Name (first, middle, and last):_____

Home Street Address:_____

City, State, Zip Code:_____

Home Telephone Number:  (_____)_____

      I understand that all future correspondence in this Action, including, but not limited to, important notices or payments to which I am entitled (if any), will be sent to the new address listed

37

above and not to the address previously used. I hereby request and consent to use the address listed above for these purposes.

# Exhibit B

**United States District Court**
**For the Eastern District of New York**

-------------------------------------------------------------------X
TEAMSTERS LOCAL 804, PHILIP PESIRI, CESAR
ROSARIO, LUIS NETO AND ANTHONY RAMIREZ
on behalf of themselves and those similarly situated,

                    Plaintiffs,                      Civil Action No. 25-CV-2299

v.

UNITED PARCEL SERVICE OF AMERICA, INC.,

                    Defendant.

-------------------------------------------------------------------X

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
## OF A CLASS AND COLLECTIVE ACTION SETTLEMENT

The Court has considered a motion for preliminary approval of a settlement of a class and collective action brought by Plaintiffs Teamsters Local 804, Philip Pesiri, Cesar Rosario, Luis Neto and Anthony Ramirez (collectively, "Named Plaintiffs"), on behalf of themselves and all others similarly situated against Defendant United Parcel Service of America, Inc. ("Defendant"). The Court has reviewed the Joint Stipulation of Class and Collective Action Settlement (the "Stipulation") and its exhibits, including the Settlement Notice; and the submissions of counsel, and hereby finds and orders as follows:

1.      Unless otherwise defined herein, all terms used in this Order (the "Preliminary Approval Order") will have the same meaning as defined in the Stipulation.

39

2.      The Court finds on a preliminary basis that the Ssettlement memorialized in the Stipulation, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval.

3.      The Court grants preliminary approval of the parties' Settlement as set forth in the Stipulation.

4.      The Court preliminarily certifies, for settlement purposes only, a class action covering all state law claims raised in the Action and a collective action covering the Fair Labor Standards Act claim raised in the Action and authorizes the sending of the Settlement Notice to all individuals who are or were employed by Defendant and members of Local 804 who had a deduction taken from their pay related to the restoration of Optional Holidays on or about April 3, 2025, i.e., the Class Employees.

5.      The Court appoints, for settlement purposes only, Named Plaintiffs as the Class Representatives of the Settlement Classes.

6.      The Court appoints, for settlement purposes only, Nathaniel K. Charny of Charny & Wheeler P.C. as Class Counsel for the purposes of Settlement, and the releases and other obligations therein.

7.      This Court approves ILYM Group, Inc. as Settlement Administrator to perform duties in accordance with the terms of the Stipulation.

8.      The form of the Settlement Notice and process of sending the Notice to Class Employees as set forth in the Stipulation is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Action, Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement. The Notice is accurate, objective, and

informative, and provides Class Employees with all of the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

9.      The Settlement Notice, attached to the Stipulation as Exhibit A, including the Election to Opt Out of Settlement and Class Action Form (Form A) and the Change of Name or Address Information Form (Form B), are approved. The Settlement Administrator is authorized to mail those documents to the Class Employees as provided in the Stipulation.

10.     Class Employees who wish to opt out of the Settlement must submit an Election to Opt Out of Settlement and Class Action Forms to the Settlement Administrator no later than the Opt Out Response Deadline.

11.     Any written objection to the Settlement must be submitted to the Court no later than the Opt Out Response Deadline.

12.     Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order, the Action and any other action or proceeding brought by or on behalf of Named Plaintiffs or any Class Member that asserts any claim released under the Stipulation shall be stayed in each such action or proceeding.

13.     The Named Plaintiffs and Defendant are ordered to carry out the Settlement according to the terms of the Stipulation.

14.     The Court will conduct a Final Approval Hearing on _____, 2026, at ____ a.m./p.m. in Courtroom 13D United States District Court for the Eastern District of New York to determine the overall fairness of the Settlement and to approve the amount of attorneys' fees and costs to Class Counsel and the Service Payment to the Named Plaintiffs. The Final Approval Hearing may be continued without further notice to Class Members. The Named Plaintiffs shall file their motion for approval of the Settlement, and Class Counsel shall file their motions for

attorneys' fees, costs and expenses, and for Named Plaintiffs' Service Payment on or before

███████████, 2026.

IT IS SO ORDERED.


Dated: _____, 2026                    _____

                                              HON. TARYN A. MERKL
                                              United States District Magistrate Court Judge

42

# Exhibit C

**United States District Court**
**For the Eastern District of New York**

-------------------------------------------------------------------X
TEAMSTERS LOCAL 804, PHILIP PESIRI, CESAR
ROSARIO, LUIS NETO AND ANTHONY RAMIREZ
on behalf of themselves and those similarly situated,

                     Plaintiffs,                 Civil Action No. 25-CV-2299

v.

UNITED PARCEL SERVICE OF AMERICA, INC.,

                     Defendant.

-------------------------------------------------------------------X

## [PROPOSED] ORDER GRANTING FINAL APPROVAL
## OF A CLASS AND COLLECTIVE ACTION SETTLEMENT

On [date], Plaintiffs submitted to this Court Plaintiffs' Unopposed Motion for Final

Approval of the Settlement and Award of Attorneys' Fees and Costs ("Motion for Final

Approval"). Defendant did not oppose Plaintiffs' Motion for Final Approval.

The Court has considered Plaintiffs' Motion for Final Approval and hereby finds and

Orders as follows:

1. Unless otherwise defined herein, all terms used in this Order will have the same

meaning as defined in the Stipulation.

43

2.      The Court finds that the Ssettlement memorialized in the Stipulation, and filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for final approval. On [date], the Court granted Preliminary Approval of the Settlement, and the Settlement Notice was subsequently mailed to all Class Employees, providing them with an opportunity to object to the Settlement or request exclusion from the Settlement.  [No Class Employee objected to the Settlement or requested exclusion from the Settlement]. A fairness hearing was held on [date].

3.      The Court grants Plaintiffs' Motion for Final Approval.

4.      The Court certifies, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23 a class action of covering all state law claims raised in the Action and a collective action covering the Fair Labor Standards Act claim raised in the Action for Participating Collective Members.

5.      The Court appoints Named Plaintiffs as the Class Representatives of the Settlement Classes.

6.      The Court finds that Service Payments of $1,000 each to the Individual Named Plaintiffs are reasonable in light of the time and effort Individual Named Plaintiffs undertook to secure the Settlement.

7.      The Court appoints, for settlement purposes only, Nathaniel K. Charny of Charny & Wheeler P.C. as Class Counsel for the purposes of Settlement.

8.      The Court grants Class Counsel's requested fees of $12,500 and costs of $680.

9.      The Court approves the appointment of ILYM Group, Inc. as the Settlement Administrator.

10.     The claims against Defendant as asserted in this Action are dismissed with

prejudice.

11.     The Court retains continuing jurisdiction to enforce the terms of the Stipulation.

**IT IS SO ORDERED.**


Dated: _____, 2026          _____

HON. TARYN A. MERKLDORA L. IRIZARRY
United States District CourtMagistrate Judge

45